25

MIED ProSe 7 (Rev 5/16)  Complaint for Employment Discrimination

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Littiece Jones

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

v. Hospitality Staffing, D/B/A First Hospitality

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case: 2:24-cv-10276
Judge: Steeh, George Caram
MJ: Grand, David R.
Filed: 02-01-2024
JONES VS HOSPITALITY STAFFING (DP)

Jury Trial:   ☐ Yes   ☐ No
*(check one)*

## Complaint for Employment Discrimination

MIED ProSe 7 (Rev 5/16)  Complaint for Employment Discrimination

I.      **The Parties to This Complaint**

A.      **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name            Littiece Jones
Street Address  45014 Trails Ct.
City and County Canton, Wayne
State and Zip Code Michigan 48187
Telephone Number 313-515-9797
E-mail Address  LRBJ_99@yahoo.com

B.      **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

Name            Hospitality Staffing, D/B/A First Hospitality
Job or Title
(if known)
Street Address  222 W. Adams St. Ste 400
City and County Chicago, N/A
State and Zip Code Illinois 60606
Telephone Number (312) 638-2300
E-mail Address
(if known)

Defendant No. 2

Name            _____
Job or Title
(if known)      _____
Street Address  _____
City and County _____
State and Zip Code _____
Telephone Number _____
E-mail Address
(if known)      _____

2

MIED ProSe 7 (Rev 5/16)  Complaint for Employment Discrimination

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

C.    **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is:

| | |
|---|---|
| Name | Residence Inn Ann Arbor-Downtown |
| Street Address | |
| City and County | Ann Arbor, Washtenaw |
| State and Zip Code | MI |
| Telephone Number | |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:



☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☑ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

MIED ProSe 7 (Rev 5/16) Complaint for Employment Discrimination

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☐ Termination of my employment.
- ☐ Failure to promote me.
- ☑ Failure to accommodate my disability.
- ☑ Unequal terms and conditions of my employment.
- ☑ Retaliation.
- ☑ Other acts *(specify)*: Discrimination based on Age, Disability, Religion, Retaliation

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s) 11/10/2022 — 10/27/2023

C. I believe that defendant(s) *(check one)*:
- ☑ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race _____
- ☐ color _____
- ☐ gender/sex _____
- ☑ religion __Seventh Day Adventist — Sabbath Keeper__
- ☐ national origin _____
- ☑ age. My year of birth is __1981__. *(Give your year of birth only if you are asserting a claim of age discrimination.)*
- ☑ disability or perceived disability *(specify disability)* __Long-Covid, Pelvic Floor Dysfunction, Short term trauma__

5

MIED ProSe 7 (Rev 5/16) Complaint for Employment Discrimination

E. The facts of my case are as follows. Attach additional pages if needed.

Please see additional pages as well including but not limited too Charge of Discrimination from EEOC "The Particulars Are -- " as well as other pages,

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

6

MIED ProSe 7 (Rev 5/16)  Complaint for Employment Discrimination

## IV.   Exhaustion of Federal Administrative Remedies

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

10/27/2023

B.   The Equal Employment Opportunity Commission *(check one)*:

☐  has not issued a Notice of Right to Sue letter.

☑  issued a Notice of Right to Sue letter, which I received on *(date)*

Letter Dated  11/03/2023

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.   Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐   60 days or more have elapsed.   Not Sure ☑

☐   less than 60 days have elapsed.

## V.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages. Attach additional pages if needed.

−Reinstatement
−Relief with on the job training, scheduling as agreed during hiring phase
− Relief for federal monitoring
− Additional damages or other relief as determined in court

7

MIED ProSe 7 (Rev 5/16)  Complaint for Employment Discrimination

## VI.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.  For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 2|1|2024 , 20 24

Signature of Plaintiff    _Littiece Jones_

Printed Name of Plaintiff    _Littiece  Jones_

8

MIED ProSe 7 (Rev 5/16)  Complaint for Employment Discrimination

**Additional Information:**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act<br>Statement and other information before completing this form. | Charge Presented To:<br><br>EEOC<br>FEPA | Agency(ies) Charge No(s):<br><br>**440-2023-07547** |
|---|---|---|

| **Michigan Department Of Civil Rights** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| I Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)*<br><br>Littiece Jones | Home Phone<br><br>313-515-9797 | Year of Birth<br><br>1981 |
|---|---|---|

Street Address

45014 Trails ct

CANTON TWP, MI 48187

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br><br>HOSPITALITY STAFFING, D/B/A FIRST HOSPITALITY | No. Employees, Members<br><br>501+ Employees | Phone No.<br><br>(312) 638-2300 |
|---|---|---|

Street Address

222 W ADAMS ST STE 400

CHICAGO, IL 60606

| Name | No. Employees, Members | Phone No. |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|

| DISCRIMINATION BASED ON<br><br>Age, Disability, Religion, Retaliation | DATE(S) DISCRIMINATION TOOK PLACE<br><br>Earliest                                       Latest<br>11/15/2022                                  10/19/2023 |
|---|---|

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by the above-named employer on November 11, 2022, as a Front Desk Agent.

Prior to being hired, I informed my employer of my need for a religious accommodation due to my observance of the sabbath. My employer granted and accommodated my requests not to work on the sabbath, but repeatedly scheduled me for work on days and times of observance. I submitted complaints against my maintenance manager for frequently making unwelcome comments, but little was done to remedy the behavior. In or around August 2023, I was disciplined in retaliation for allegedly participating in a health and safety investigation conducted at my work location.

I believe I was harassed due to my disability, age, and religion and disciplined in retaliation for engaging in a protected activity, in violation of the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, and the Age Discrimination in Employment Act, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Littiece Jones**<br>**10/27/2023**<br><br><br>                                    *Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED   AND   SWORN   TO   BEFORE   ME   THIS   DATE<br>*(month, day, year)* |

Page **1** of 2

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

**NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW**

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

**NOTICE OF NON-RETALIATION REQUIREMENTS**

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

Page 2 of 2

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Detroit Field Office**
477 Michigan Avenue, Room 865
Detroit, MI 48226
(313) 774-0020
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 11/03/2023

**To:** Littiece Jones
45014 Trails Ct.
Canton Twp, MI 48187

Charge No: 440-2023-07547

EEOC Representative and email:    LARRY COOPER
Investigator
larry.cooper@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 440-2023-07547.

On behalf of the Commission,

Digitally Signed By:Michelle Eisele
11/03/2023
_____
Michelle Eisele
District Director

**Cc:**
Matthew Siebert
msiebert@firsthospitality.com

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request

Enclosure with EEOC Notice of Closure and Rights (01/22)

identifying your request as a "FOIA Request" for Charge Number 440-2023-07547 to the District Director at Michelle Eisele, 101 West Ohio St Suite 1900

Indianapolis, IN 46204.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 440-2023-07547 to the District Director at Michelle Eisele, 101 West Ohio St Suite 1900

Indianapolis, IN 46204.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications)

Enclosure with EEOC Notice of Closure and Rights (01/22)

are **not considered** in determining if the impairment substantially limits a major life activity.

✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For moreinformation, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.*

Timeline of some Events

- <u>Over the phone interview:</u> November 8, 2022
- <u>In Person Interview:</u>  November 9 or 10, 2022 Discussed with hiring manager Toshio S. that I am a Seventh Day Adventist Sabbath keeper and am unable to work from sunset Friday to sunset Saturday. Gave examples of Sabbath sunset sunset changing in seasons, etc.
- <u>Date of Accepting Job Offer:</u>  November 10, 2022
- <u>Date of Hire:</u> November 11, 2022 I did not sign, acknowledge, or receive any company policy, guidelines, procedures, etc. When discussing scheduling, Toshio stated that the schedule varies weekly and to let him know if there were any days that I could not work and I could let him know weekly or as needed. I did remind him of me not being able to work on the Sabbath and that I did have dates for Federal court cases in which I had to attend as a victim/witness of a crime. Details of cases not mentioned here to protect the privacy of victim. Toshio and I discussed further about aforementioned and he stated that any days of that I needed, Just to let him know and that Front desk associates are scheduled based on associates availability so if employees are not available , they will not be scheduled. I was not paid for this day.
- Tested positive for Covid and informed Toshio.
- <u>First Day Worked:</u> December 5, 2022(There was No New Employee Job Training, No Orientation, etc) My first day worked and every day after, I was put at the front desk without any training or without review of safety and emergency procedures.
- As a result of lack of training, I had to ask a lot of questions and request help from back office management(Mainly Toshio Shimazaki and Anna Swindle) and Front Desk colleagues. I requested and inquired about training to no avail.
- When I was asking and inquiring about receiving training and the need to be trained on the computer system FOSSE, Toshio made reference to my age and that "I wasn't that old" in reference to me needing to be trained for the computer.
- Toshio repeatedly scheduled, asked, and/or requested me to work during the Sabbath.
- I reported disabilities and was denied reasonable accomodations.
- Two stools remained in the back closet. I would sit on stool and was told that I couldnt sit on the stool and I stated that I still have symptoms from long covid as well as other disability yet was denied being able to sit on stool.
- Reasonable Accommodations requested to no avail
- Reported to Toshio S. and/or Ryan W. numerous incidents from David Z. of sexual, inappropriate, and/or unwanted conduct as well as them witnessing incidents towards me and others from David Z.
- <u>March 26, 2023-</u> Made formal complaint to GM Ryan Wilkins regarding Maintenance Manager David Zeoli inappropriate and sexualized conduct and comments as well as my concern for safety and lack of training and protocols.
- <u>May 26, 2023</u>(Friday of Memorial Day Weekend)- Ryan W. Had scheduled me to work a solo shift from 7am-3pm. All back office management were absent for the day. David Z. Informed me that it would be "just you and me today!" at the Front Desk. During this shift, I was bullied, harassed, publicly ridiculed, unsafe, targeted, and there were workplace hazards.
- <u>May 29, 2023-</u> (Monday, Memorial Day)- There was a fire in hotel guest room while guest was away. Staff risked themselves putting out fire.

- June 1, 2023- Parking surface Lot was down. Employees and guests were parking in front of hotel as a result. Inappropriate conduct from David Z. in which I reported to Toshio S. that morning and on June 2, 2023.
- June 1, 2023- I reviewed my previous concerns for safety and lack of training with Toshio S. in which I mentioned the fire on May 29, 2023 and requested training overall and on fire emergencies and other safety training and procedures. Toshio S. Deferred conversation on emergency procedures, instead he began to engage in questioning me while at the front desk on my knowledge of front desk tasks, Fosse system, math computations, etc. to "see if you know how to do math." He later referred to this as "Hammering you with questions".
- June 1, 2023- I requested and made an effort to discuss with Ryan W. my concerns with the fire, workplace safety and hazards, and the incidents that took place on May 26 with David Z. Ryan W. Left for several hours for a Wedding Anniversary lunch with his wife and youngest child while Sales Managers( Morgan Smith and Anna Swindle) took their other 4 children to a children's museum.
- June 1, 2023- I witnessed an incident of racial profiling against an African American guest in which Toshio S. Reprimanded me for assisting guest. Housekeeping manager Arlin Eastman did not want me to assist guest and Toshio S. Reprimanded me for assisting guest.
- June 1, 2023- Towards the end of my shift at approximately 2:58pm, I was turning in my Front Desk checklist and closing shift duties when David Z. Said that I could not leave at the end of my shift. I told him that I could not stay and I proceeded to punch out at my shift end time of 3pm. This was done in front of Ryan W. And Toshio S. who allowed it.
- June 2, 2023- My shift was 7am-3pm, Toshio S. Continued to "hammer" me with questions while at the front desk in public lobby, and would not go over training and emergency procedures and safety protocols as requested.
- June 2, 2023- Toshio asked for me to meet him in his office at approximately 2:45pm. He proceeded to tell me that it wasn't anything negative but he wanted to go over some things that was brought to his attention recently that had occurred within the pas 2 weeks while he was away in Japan. We discussed those things which were 4 points that 1 manager and 1 front desk associate had said had occurred in the past 2 weeks and including that Ryan and David were annoyed that I left "abruptly"at 2:58pm on June 1, 2023. I was not presented with any verbal and/or coaching and counseling action form at the time of this meeting and was told then and later on June 9, that management was just "checking in"as they do from time to time with employees.
- June 5-9, 2023- I contacted Company HR and reported my concerns as well as contacting governing agencies for workplace safety, training, hazards.
- June 5, 2023- Ryan asked via cell phone text to meet the week of June 5, 2023.
- June 9, 2023- Ryan W., Toshio S., and myself met. Management acknowledged that I had not been trained and stated that they would have me start New Employee training during my next scheduled shift. I was not presented at any time during this meeting with any verbal and/or coaching and counseling action form. It was reiterated that management was "just checking in".
- June 9, 2023- Immediately after the meeting, Toshio S. Had inappropriate conduct in demanding my user name and password so that he would be able to load the training into my account. He also accused me of GXP system log in issues.
- My next scheduled shift was 7-3pm on June 20, 2023.
- June 19, 2023- I sent email to both Ryan W. And Toshio S.
- June 20, 2023- I began working my shift at 7am. Later, I began training in the back office computer. Toshio inquired about my email sent on June 19. We reviewed security camera

footage of my alleged over 30 minute break to go park my car from the parking lot being down. The video surveillance showed me leaving and returning in approximately 12 minutes. Toshio S. Claimed that it showed 14 minutes and not 12. Toshio S. Stated that when I returned I didn't get permission to go to the restroom. I stated that no one was at the front desk when I returned and I didn't need to ask permission to go to the restroom as no one else had to ask permission. Toshio S. reprimanded me and sent me home early at 12:30pm and would not allow me to continue training on the computer as I requested to be permitted to continue my work day and training.

- June 20 and onward, 2023- I contacted Company HR and governing agencies about continuous workplace incidents, lack of training, workplace safety and environmental hazards and safety concerns.
- June 22, 2023, GM Ryan W. communicated via text and email that I was not to come to work on June 23, 2023.
- June 23, 2023- July ?, 2023- continuous communication with Chief HR Officer Stacey Brown, HR director Matthew Siebert, HR representative Teresa Galvez, in which I was under distress/duress and threatened with "review of my employment" if I did not comply with HR.
- June 27, 2023- HR director sent me via email my personnel file as I had requested and told me that I was not under any investigations. My personnel file did not have any coaching and counseling action forms, verbals, or any disciplinary action in my personnel file as of June 27, 2023.
- June 29, 2023- HR director Matthew S., HR Teresa G., myself, and my support person met via phone call as requested by HR.
- June 30, 2023 and ongoing- Management used isolation tactics and other inappropriate conduct to keep me away from other staff and to intentionally interfere with my training and ability to complete my FD job duties and I reported these concerns to management.
- July 1-July 13, 2023- Not scheduled to work.
- July 14, 2023- David Z. bullied and harassed me at the front desk which interfered with my lose of shift work duties.
- July 18, 2023- I emailed Ryan regarding the incident on July 14
- July 20, 2023 at 10:16pm- Ryan W. Responded to my email requesting specific details.
- July 20, 2023 at 11:36pm- Ryan W. Sent an email regarding new telephone policy.
- July 21, 2023 at 7am- I began my next shift. I inquired with Ryan about new phone policy as we always used our phones to communicate with housekeeping throughout the day and it is company policy to use cell phones to help with the business. Ryan said that I would need to go into the closet every time I wanted to text housekeeping. I told him that I would step into the back office instead. Conversation was between Ryan W., Arlin E., and myself about how to go about the day with communications.
- July 21, 2023 at around 8:45am- I reported to Ryan W. with David Z. In the conversation About David Z.'s inappropriate behavior on July 14 and I shared that it was unwanted conduct. David Z. Admitted that he did that to me and apologized. During this conversation, I discussed past reportings that I had discussed with Ryan and/or Toshio. Ryan W. Also responded " No" when I asked did I have any write ups in my file.
- July 21, 2023- I asked Ryan about a GXP chat and how to assign it to a manager for a refund. Ryan told me to let the person know in the chat that someone will be with them soon.
- July 21, 2023- I asked about scheduled breaks and training. Ryan W. said that we would see if we would get to training today. He said that I could take a scheduled break in which I did.

- <u>July 21, 2023</u>- I communicated a maintenance issue with David Z. About a hotel room's shower drain.
- <u>July 21, 2023</u>- David Z. Came to me at the Front Desk and told me to give him the keys that were in the drawer.  I did give him the keys. I reported that to Ryan W. who stated that he wasn't sure why David Z would ask for keys because David Z had his own set of keys. A discussion ensued where Ryan said that I was personably responsible for the keys for emergencies, front desk duties, etc. I told him that I had never been told that before, no one ever requested to get keys from me, they would go into the drawer and get the keys, and I had never been trained on keys and emergency procedures. I shared with Ryan W. That I did not feel comfortable with being personally responsible for keys as there were previous incidents of keys being missing, lost,etc and would leave a note on the keys for staff to see management about keys.
- <u>July 21, 2023</u>- I
- <u>More Work related incidents of discrimination and retaliation occured on and After July 21, 2023 through October 2023 in which I reported and sent emails, text messages and other evidence.</u>

- Date of hire: November 11, 2022
- On or about March 26, 2023 I made formal complaint to General Manager Ryan Wilkins regarding bullying, and inappropriate and sexualized comments by Maintenance Manager David Zeoli. I expressed concerns for my own well-being and safety as well as concern for hostile and unsafe workplace environment including lack of training and safety protocols. Confirmation of complaint attached, email dated 07/18/2023 with Ryan's response on 07/21/2023 acknowledging at least one of my concerns by stating that "...when David jokingly stated you were getting fired....". Also All emails in that file labeled "Litiece Jones- Communications"
- On May 26, 2023(busy Memorial day Weekend), Mr. Ryan W. had scheduled me to work a solo shift from 7am-3pm. Dave Zeoli informed me towards the beginning of my shift that it would only be he and I working the front desk together and without presence of additional back office/front desk managers or front desk staff members. During this shift, I felt harassed, targeted, bullied, unsafe, publicly ridiculed, and concerned for workplace hazards, etc...
- There was a Fire in hotel in guest room while guest was away on Memorial Day, May 29, 2023. Confirmation of fire from shift recap from Front Desk Associate Kevin King on May 29, 2023 attached.
- On June 1, 2023, there was a parking lot issue in which the surface lot was down and unable to park. Mr. David Z. inappropriate behavior towards me multiple times throughout the day including involving front desk associate Kevin K. I reported that to Mr. Toshio S. at the beginning of my shift.
- On June 1, 2023, my next scheduled shift after the fire, I inquired with Toshio Shimazaki about recent fire and requested additional training on fire emergencies and other disaster scenarios. Mr. Shimazaki deferred conversation on emergency procedures, instead engaging in lengthy questioning at front desk about front desk tasks, Fosse system, and math computations to "see if you know how to do math." (he later referred to this as "hammering you with questions").
- On June 1, 2023 I made an effort and asked to discuss harassment, workplace hazards, and incidents that took place on May 26 with Ryan W. Mr. Wilkins left for several hours for anniversary lunch with his wife and youngest child while Sales Managers(Morgan and Anna took Mr. Wilkins 4 out of 5 children to museum)and I was unable to have this discussion due to his absence from worksite coupled with Toshio's ongoing questioning of me while I performed my work duties.
- On June 1, 2023 I witnessed an incident of racial profiling of an African American guest and assisted guest while housekeeping manager told me to not give guest keys to room. I was pulled into the office and reprimanded by Toshio S. David Z. came into the office and interrupted Toshio on my behalf.
- Also on June 1, 2023, David Z. at approximately 2:58pm told me, in the presence of General Managers Ryan and Toshio, that I could not leave at the end of my shift which was at 3pm and that I had to wait for the 3pm person to come in. Ryan and Toshio did not say that I had to stay and I was allowed to punch out on the timeclock at 3pm.
- On my next scheduled shift, 7am-3pm on June 2, 2023, Mr. Toshio S. continued to "hammer" me with questions while at the front desk and still did not go over emergency procedures and safety protocols as requested. Mr. Toshio S. pulled me into his office and stated that "It was not anything negative" but he wanted to go over some things with me that was brought to his attention recently and he said had occurred within the past 2 weeks while he was away in Japan. There were 4 things that he shared with me that he stated were complaints from one manager and one front desk associate. Please see previous email dated

- After different incidents and worsening workplace environment and safety concerns, I contacted Company HR and governing agencies and reported my concerns on June 5, 2023- June 9, 2023. As a result, Ryan W. asked via cell phone text to meet with me the week of June 5, 2023 to go over my concerns. As a result, Ryan W., Toshio S., and myself met on June 9, 2023. During this meeting it was reiterated that management was "just checking in" and implied that it was not disciplinary action nor was it disciplinary action on June 2, 2023. I was not presented with any verbal and/or coaching and counseling action form on neither June 2, 2023 and/or June 9, 2023. Management acknowledged that I had not been adequately trained and stated that they would set me up to start new employee training during my next scheduled shift.
- June 19, 2023, I sent email to both Ryan W. and Toshio S.  email attached dated Jun 19, 2023.
- On June 20, 2023 I started my 7am-3pm shift. Toshio reviewed the surveillance cameras and video of my alleged over 30 minute break on June 1, 2023 to move my car due to the down parking lot, and it was noted that I had not been gone for over 30 minutes but for approximately 12 minutes. Toshio S. sent me home early at around 12;30pm as a reprimand and would not allow me to continue my training as I requested to continue training modules in which I had just Started.
- From June 20, 2023 onwards, I again contacted company HR and governing agencies about continuous workplace incidents, lack of training, workplace safety and environment hazards and safety concerns.
- On June 22, 2023, Ryan W. communicated via text and email that I was not to come to work on June 23, 2023 due to my safety concerns. Please see attachments.
- On June 23, 2023- July 202, continuous communications with Chief Human resource Officer Stacey Brown, Human Resource Director Matthew Siebert, Human Resource associate Teresa Galvez in which at times I was threatened with "review of my employment" if I did not comply to HR. I asked for my personnel file and if I was under any investigations and/or disciplinary action in which I was told no and was sent my personnel file by HR Director Matthew Siebert in which there were no Coaching and Counseling Action forms, no disciplinary action, etc in my personnel file as of June 27, 2023. HR director Matthew S. and HR representative requested to speak with me in a phone conversation that took place on June 29, 2023.
- June 30, 2023 and ongoing, during my scheduled shift, management used isolation tactics and other forms of inappropriate conduct to keep me away from other staff and interfere with my training and ability to complete my Front Desk job duties in which I reported my concerns to management.
- As a result of ongoing inappropriate behavior, I requested July 1, 2023- July 13, 2023 off. My next scheduled shift was on July 14, 2023from 7am-3pm.
- On July 14, while working my 7am-3pm Front desk shift, harassing statements and bullying were made toward me by David Z. I emailed Ryan regarding this incident. Please see attached email dated July 18, 2023.
- On July 20, 2023 at 10:16 pm EST, Ryan W. responded to my email requesting specific details to my reporting.
- On July 20, 2023 at 11:36pm EST, Ryan W. sent a company email regarding new telephone policy.
- On July 21, I worked my next scheduled shift from 7am-3pm Est.
- 
- was sent home from shift for not asking permission for restroom break, and allegedly raising voice toward Toshio.

- On July 21, 2023 I addressed July 14 incident with both Ryan and Dave. Dave verbally apologized for this incident. Following that discussion, I experienced another incident of harassment by Dave regarding front desk key set. Copy of Coaching and Counseling Action Form attached, dated 7/28/2023.
- On July 28, 2023 there was a visit from the Washtenaw County Health Inspector.

Potential Witnesses

Morgan XXX, Sales Manger

Anna XXX, Sales Manager

Dave XXX, Maintenance Manager

Toshio Shimazaki, Operation Manager

Ryan XXX, General Manager

Arlene XXX, Housekeeping Manager

Mosiah XXX, Maintenance

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Littiece Jones

**(b)** County of Residence of First Listed Plaintiff  Wayne
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
Hospitality Staffing, D/B/A First Hospitality

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & | **PERSONAL INJURY** [ ] 365 Personal Injury - Product Liability | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | Slander | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | **LABOR** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Management Relations | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** [ ] 861 HIA (1395ff) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [X] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 865 RSI (405(g)) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | **FEDERAL TAX SUITS** | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | [ ] 871 IRS—Third Party 26 USC 7609 | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*  JUDGE _____ DOCKET NUMBER _____

DATE 2/1/2024

SIGNATURE OF ATTORNEY OF RECORD  Littiece Jones

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# PURSUANT TO LOCAL RULE 83.11

1.        Is this a case that has been previously dismissed?      ☐ Yes

                                                                                               ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.        Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)    ☐ Yes  ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes : _____