UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LITTIECE JONES,

        Plaintiff,

                                                Case No. 24-10276
vs.                                         HON. GEORGE CARAM STEEH

HOSPITALITY STAFFING,

        Defendant.
_____/

### ORDER DENYING MOTION TO APPOINT COUNSEL (ECF No. 3)

Plaintiff Littiece Jones requests that the Court appoint counsel to represent her in this employment discrimination and retaliation matter.

Pursuant to 28 U.S.C. § 1915(e)(1), "the court may request an attorney to represent any person unable to employ counsel." In civil actions, however, the decision to grant such a request is discretionary and is generally allowed only in exceptional cases. *See Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993) (the decision to deny a civil litigant's request for counsel will be overturned only when the denial of counsel results in "fundamental unfairness impinging on due process rights"); *Johnson v. City of Wakefield*, 483 Fed. Appx. 256, 260 (6th Cir., June 20,

2012) ("appointment of counsel in a civil case 'is a privilege that is justified only by exceptional circumstances'").

In considering whether a case is exceptional for purposes of appointing counsel, courts generally consider factors such as: (1) whether the action presents a colorable claim for relief, (2) the litigant's ability to investigate crucial facts, (3) whether the nature of the evidence indicates that the truth will more likely be revealed when both sides are represented by counsel, (4) the ability of the litigant to present her case, and (5) the complexity of the legal issues presented. *Lavado*, 992 F.2d at 605-06.

Here, plaintiff's claims are straightforward and no not appear to raise any novel issues. The events raised in the complaint occurred over a one-year period and involved relatively few people. There is no reason to believe that plaintiff's ability to learn information through discovery would be unreasonably impaired without appointed counsel. At this juncture, the Court does not find circumstances that make this case exceptional as to warrant the appointment of counsel. Accordingly, plaintiff's motion for the appointment of counsel is DENIED without prejudice.

Dated: February 8, 2024

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

- 3 -

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 8, 2024, by electronic and/or ordinary mail and also on Littiece Jones, 45014 Trails Ct., Canton, MI 48187.

s/LaShawn Saulsberry
Deputy Clerk