UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LITTIECE JONES,

                    Plaintiff,                          Case No. 2:24-cv-10276

v.                                                      Honorable Susan K. DeClercq
                                                        United States District Judge

HOSPITALITY STAFFING, D/B/A
FIRST HOSPITALITY,

                    Defendant.
_____/

**ORDER REGARDING ACCOMMODATIONS FOR DISCOVERY**

Plaintiff Littiece Jones has requested certain accommodations for her discovery-production and deposition obligations in this case due to a mental disability. *See* ECF No. 33. Based on the information provided to the Court by the parties, Plaintiff will be allowed the following accommodations to allow her to adequately participate in the discovery process required to litigate this case. This order applies equally to the discovery previously propounded by Defendant, as well as all discovery going forward.

Accordingly, it is **ORDERED** that the following discovery accommodations will apply in the above-captioned case:

1. Rather than being required to separately produce materials such as emails and text messages that may be contained on her electronic

devices, Plaintiff may submit the electronic devices, including her computers, tablets, laptops, and phones, to a third-party vendor of Defendant's choice for forensic analysis.

2. Per agreement by the parties, Plaintiff will produce completed interrogatory responses **on or before July 31, 2025**. Plaintiff will be allowed to respond to the remaining discovery requests on a rolling basis based on a priority list identified by Defendant, with a production being made, at a minimum, **once every 14 days**. Plaintiff must ensure completion of all discovery responses by the Discovery Cutoff date established by the Court.[1]

3. Plaintiff will **not** be allowed to provide summaries or affidavits describing the content or existence of responsive material. Plaintiff must provide the *actual material* to the Defendant according to the responsive schedule outlined above in paragraph 2.

4. The parties shall confer on and enter into a stipulated protective order to protect sensitive or confidential information. Such material

---

[1] This date will be set in a forthcoming Phase I Scheduling Order. *See* ECF No. 33 at PageID.240 (noting that a new Phase I Scheduling Order will issue after consideration and resolution of Plaintiff's proposed discovery and deposition accommodations).

shall not be filed under seal unless a motion under Local Rule 5.3 is filed and granted by this Court.

5. Plaintiff shall be allowed to be deposed via Zoom, on a date and time agreed up by the parties. Plaintiff shall be allowed to take breaks as needed, but Plaintiff must appear as necessary for the continuation of her deposition until completed, even if that means for multiple days, and lasts longer than 7 hours.

6. Plaintiff shall be allowed to have a "non-attorney support person" present at her deposition so long as that person is (1) identified on the record during the deposition, (2) prohibited from speaking during the deposition, and (3) prohibited from questioning or advising Plaintiff in any way on the case during the deposition. Plaintiff must situate the "non-attorney support person" in such a way during the deposition that counsel for Defendant can see that person and ensure compliance with this paragraph.

Importantly, these accommodations do not absolve Plaintiff of her obligations to comply fully with this Court's Order Granting Defendant's Motion to Compel Discovery. ECF No. 33. Nor do these accommodations absolve Plaintiff of her obligation to respond to any other discovery requests propounded by Defendant

during this case. They simply provide a reasonable alternative process for such compliance.

**IT IS SO ORDERED.**

**This is not a final order and does not close the above-captioned case.**

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: July 8, 2025

- 4 -